IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINNEY, | No. C-13-1396 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| STATE BAR OF CALIFORNIA, et al., | |
| Defendants. | |

Before the Court is plaintiff Charles Kinney's "Ex Parte Application for Temporary Restraining Order, Protective Order, and/or Order to Show Cause Re: Preliminary Injunction Against the State Bar," filed March 28, 2013, and "Supplemental Declaration" in support thereof, filed March 29, 2013. Having read and considered the application and supporting materials, the Court rules as follows.

In his complaint, plaintiff, who proceeds pro se, alleges that defendant State Bar of California ("State Bar") has instituted "disbarment proceedings" against him, "based on order(s) or opinions(s)" finding him to be a vexatious litigant under "California Code of Civil Procedure [ ] Sec. 391 et seq." (See Compl. ¶ 6.) Plaintiff alleges those "order(s) or opinion(s)" are "not final" and/or are "void." (See id.) As a consequence, plaintiff asserts, the disbarment proceedings are "premature and prejudicial" (see id.) and the State Bar, by instituting the above-referenced proceedings based thereon, is violating plaintiff's federal

rights. Specifically, plaintiff alleges, the State Bar is violating his First Amendment rights "by way of a flawed and/or discriminatory administrative process occurring prior to the conclusion of pending appeals" (see Compl. ¶ 37.a), and is violating his Fifth Amendment rights by instituting the disbarment proceedings "based on the order(s) and/or opinion(s)" referenced above, because "[p]laintiff was not a plaintiff or appellant in the [prior court proceedings] and/or even though there are pending appeals regarding these issues" (see Compl. ¶ 38.a). Additionally, plaintiff alleges, the State Bar along with the other three defendants is "acting in concert as part of a conspiracy" to deprive plaintiff of his federal rights. (See Compl. ¶ 44.)[1]

By the instant motion, plaintiff seeks an order restraining the State Bar from conducting the disbarment proceedings scheduled to begin April 2, 2013.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." See Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). A party is entitled to a preliminary injunction only if such party demonstrates that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. See id. at 20.[2]

Here, as discussed below, plaintiff has failed to show any likelihood of success on the merits of his claims, and, consequently, has failed to show his entitlement to a restraining order. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir.

---

[1] The other defendants are the City of Los Angeles, which allegedly "provid[ed] resources" to an employee sued by plaintiff (see Compl. ¶¶ 7, 23.), Superior Court Judge Luis A. Lavin, who issued an order finding plaintiff to be a vexatious litigant (see Compl. ¶ 8), and Court of Appeal Justice Roger W. Boren, who "alone or with other justices" affirmed said order (see Compl. ¶ 9). In his complaint, in addition to seeking injunctive relief and damages as against the State Bar, plaintiff seeks damages from all defendants, including Judge Lavin and Justice Boren, both of whom are sued in their individual capacities based on the issuance and affirmance of the order finding plaintiff to be a vexatious litigant.

[2] A motion for a temporary restraining order and a motion for a preliminary injunction are subject to the same requirements. See New Motor Vehicle Board v. Orrin W. Fox Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

1987) (holding "injunction should not issue" where moving party "shows no chance of success on the merits").

"Absent extraordinary circumstances, abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims."  See Hirsh v. Justices of the Supreme Court of the State of California, 67 F.3d 708, 712 (9th Cir. 1995) (internal quotation and citation omitted).  Consequently, a federal district court ordinarily "must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings," including "disciplinary proceedings" pending before the State Bar.  See id.; see also Rosenthal v. Carr, 614 F.2d 1219, 1220 (9th Cir. 1980) (finding "abstention doctrine generally precludes federal court interference with pending state attorney disciplinary proceedings"; affirming, on abstention grounds, dismissal of complaint seeking to enjoin State Bar disciplinary proceedings unless and until State Bar appointed counsel for plaintiff).

Here, each of the above-identified three prerequisites for abstention is satisfied.  First, plaintiff concedes the subject disbarment proceedings are ongoing.  Second, "California's attorney disciplinary proceedings implicate important state interests."  See Hirsh, 67 F.3d at 712.  Third, an attorney subject to disciplinary proceedings before the State Bar Court may raise "federal constitutional claims" upon "judicial review of the Bar Court's decision."  See id.

Although plaintiff argues that "extraordinary circumstances" exist (see Pl.'s Application at 7:17), plaintiff offers no evidence to support such assertion, instead reiterating his claim that his federal rights will be violated during the course of the disbarment proceedings.  Plaintiff's argument is unavailing; if plaintiff is subjected to an adverse decision by the State Bar in violation of his constitutional rights, "such claims may be raised in judicial review of the Bar Court's decision."  See Hirsh, 67 F.3d at 712.

//

//

Accordingly, plaintiff's motion for a temporary restraining order is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 29, 2013

MAXINE M. CHESNEY
United States District Judge