United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINNEY,<br><br>              Plaintiff,<br><br>   v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>              Defendants. | No. C-13-1396 MMC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE RE: FAILURE TO SERVE; SECOND ORDER TO SHOW CAUSE RE: CLAIMS AGAINST JUDGE LAVIN AND JUSTICE BOREN** |

      Before the Court is plaintiff Charles Kinney's "Opposition," filed August 16, 2013, by which plaintiff responds to the Court's order, filed July 31, 2013, directing him to show cause why his claims against the remaining defendants, specifically, the City of Los Angeles ("the City"), California Superior Court Judge Luis A. Lavin ("Judge Lavin"), and California Court of Appeal Justice Roger W. Boren ("Justice Boren"), should not be dismissed for failure to timely serve the summons and complaint. Also before the Court is plaintiff's "Proof of Service," filed August 16, 2013, which filing indicates plaintiff served each of said remaining defendants on August 7, 2013.

      As stated in the Court's order to show cause, the deadline to serve the remaining defendants, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, was July 26, 2013. As noted, plaintiff has submitted evidence showing the remaining defendants were not served until August 7, 2013, fourteen days after the July 26, 2013 deadline. In his

response to the order to show cause, plaintiff essentially requests that the deadline to serve the remaining defendants be retroactively extended for fourteen days.

A district court has discretion to "extend time for service retroactively after the 120–day service period has expired." See U.S. v. 2,164 Watches, 366 F.3d 767, 772 (9th Cir. 2004). Here, given the short period of delay, and no apparent prejudice to defendants occasioned thereby, the Court will exercise its discretion to extend the deadline to serve defendants to August 7, 2013, and, accordingly, hereby DISCHARGES the above-referenced order to show cause.

Having further considered the complaint, however, the Court finds it appropriate to issue a second order to show cause, specifically, an order directing plaintiff to show cause why his claims against Judge Lavin and Justice Boren should not be dismissed for failure to state a claim upon which relief can be granted.[1]

Plaintiff's claims against Judge Lavin and Justice Boren are based on judicial decisions that plaintiff alleges were erroneous. Specifically, plaintiff challenges: (1) an order by Judge Lavin finding plaintiff is a vexatious litigant (see Compl. ¶¶ 8, 14(a)); (2) two orders issued by Justice Boren dismissing notices of appeal (see Compl. ¶¶ 14(b), 14(c)); and (3) an opinion authored by Justice Boren finding plaintiff is a vexatious litigant (see Compl. ¶¶ 9, 14(d)). To the extent the complaint seeks damages from Judge Lavin and Justice Boren, the complaint lacks merit because said defendants are entitled to absolute immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56, 364 (1978) (holding state court judges sued for engaging in "judicial acts" are "immune from damages liability" irrespective of whether ruling was "in error"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding judges are "absolutely immune from damage liability for acts performed in their official capacities"). Further, to the extent the complaint seeks an order precluding enforcement of the orders issued by Judge Lavin and/or Justice Boren, the complaint lacks

---

[1] Because the factual and legal basis for plaintiff's claim(s) against the City are not clear from the complaint, the Court declines to sua sponte address the merits of said claim(s) at this time.

2

1 merit because federal district judges lack authority to review the propriety of the decisions
2 of state court judges.  See Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive
3 Engineers, 398 U.S. 281, 296-97 (1970) (holding "lower federal courts possess no power
4 whatever to sit in direct review of state court decisions"; vacating district court order
5 enjoining enforcement of state court order).
6      Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no later
7 than September 20, 2013, why his claims against Judge Lavin and Justice Boren should
8 not be dismissed with prejudice.
9      **IT IS SO ORDERED.**

11 Dated:  August 21, 2013

                        MAXINE M. CHESNEY
                        United States District Judge

3