United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CHARLES KINNEY,                          No. C-13-1396 MMC

12              Plaintiff,                     **ORDER DISCHARGING ORDER TO**
                                               **SHOW CAUSE RE: FAILURE TO**
13      v.                                     **SERVE; SECOND ORDER TO SHOW**
                                               **CAUSE RE: CLAIMS AGAINST JUDGE**
14   STATE BAR OF CALIFORNIA, et al.,          **LAVIN AND JUSTICE BOREN**

15              Defendants.
     _____/
16

17        Before the Court is plaintiff Charles Kinney's "Opposition," filed August 16, 2013, by

18   which plaintiff responds to the Court's order, filed July 31, 2013, directing him to show

19   cause why his claims against the remaining defendants, specifically, the City of Los

20   Angeles ("the City"), California Superior Court Judge Luis A. Lavin ("Judge Lavin"), and

21   California Court of Appeal Justice Roger W. Boren ("Justice Boren"), should not be

22   dismissed for failure to timely serve the summons and complaint.  Also before the Court is

23   plaintiff's "Proof of Service," filed August 16, 2013, which filing indicates plaintiff served

24   each of said remaining defendants on August 7, 2013.

25        As stated in the Court's order to show cause, the deadline to serve the remaining

26   defendants, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, was July 26,

27   2013.  As noted, plaintiff has submitted evidence showing the remaining defendants were

28   not served until August 7, 2013, fourteen days after the July 26, 2013 deadline.  In his

1   response to the order to show cause, plaintiff essentially requests that the deadline to serve

2   the remaining defendants be retroactively extended for fourteen days.

3          A district court has discretion to "extend time for service retroactively after the

4   120–day service period has expired."  See U.S. v. 2,164 Watches, 366 F.3d 767, 772 (9th

5   Cir. 2004).  Here, given the short period of delay, and no apparent prejudice to defendants

6   occasioned thereby, the Court will exercise its discretion to extend the deadline to serve

7   defendants to August 7, 2013, and, accordingly, hereby DISCHARGES the above-

8   referenced order to show cause.

9          Having further considered the complaint, however, the Court finds it appropriate to

10  issue a second order to show cause, specifically, an order directing plaintiff to show cause

11  why his claims against Judge Lavin and Justice Boren should not be dismissed for failure to

12  state a claim upon which relief can be granted.[1]

13         Plaintiff's claims against Judge Lavin and Justice Boren are based on judicial

14  decisions that plaintiff alleges were erroneous.  Specifically, plaintiff challenges: (1) an

15  order by Judge Lavin finding plaintiff is a vexatious litigant (see Compl. ¶¶ 8, 14(a)); (2) two

16  orders issued by Justice Boren dismissing notices of appeal (see Compl. ¶¶ 14(b), 14(c));

17  and (3) an opinion authored by Justice Boren finding plaintiff is a vexatious litigant (see

18  Compl. ¶¶ 9, 14(d)).  To the extent the complaint seeks damages from Judge Lavin and

19  Justice Boren, the complaint lacks merit because said defendants are entitled to absolute

20  immunity.  See Stump v. Sparkman, 435 U.S. 349, 355-56, 364 (1978) (holding state court

21  judges sued for engaging in "judicial acts" are "immune from damages liability" irrespective

22  of whether ruling was "in error"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986)

23  (holding judges are "absolutely immune from damage liability for acts performed in their

24  official capacities").  Further, to the extent the complaint seeks an order precluding

25  enforcement of the orders issued by Judge Lavin and/or Justice Boren, the complaint lacks

26

27         [1]Because the factual and legal basis for plaintiff's claim(s) against the City are not
28  clear from the complaint, the Court declines to sua sponte address the merits of said
    claim(s) at this time.

merit because federal district judges lack authority to review the propriety of the decisions of state court judges.  See Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296-97 (1970) (holding "lower federal courts possess no power whatever to sit in direct review of state court decisions"; vacating district court order enjoining enforcement of state court order).

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no later than September 20, 2013, why his claims against Judge Lavin and Justice Boren should not be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:  August 21, 2013

MAXINE M. CHESNEY
United States District Judge

3