IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINNEY,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____/ | No. C-13-1396 MMC<br><br>**ORDER GRANTING IN PART AND DENYING CITY OF LOS ANGELES' MOTION TO DISMISS AND STRIKE; AFFORDING PLAINTIFF LEAVE TO AMEND; VACATING HEARING** |

      Before the Court is defendant City of Los Angeles' ("the City") Motion, filed August 27, 2013, "to Dismiss and Strike the Complaint." Plaintiff Charles Kinney has filed opposition, to which the City has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for October 11, 2013, and rules as follows.

### BACKGROUND

      In his complaint, plaintiff alleges the City "is allowing certain private citizens exclusive use and/or control of parts of the public street from 1991 to the present, to the exclusion of other citizens who have a right to use the public street." (See Compl. ¶ 7.) According to plaintiff, who is an attorney, he filed in state court a lawsuit against the City, on his own behalf and on behalf of a client, and the state court found that "obstructing

a street was a 'public nuisance per se,' and that the public street included the roadway, curb, and sidewalk areas." (See Compl. ¶ 23.) Plaintiff alleges that the City, in 2006, issued "notices to abate" to various individuals, including "a high-level City employee, Carolyn Cooper" (see Compl. ¶ 7), which notices the City did not enforce (see Compl. ¶ 23). According to plaintiff, the subject "nuisances" are "fences and/or trees of Ms. Cooper and others," and "the City through its attorneys . . . is actively preventing the removal of these obstructions and providing resources to the benefit of the 'wrongdoers' (i.e. Ms. Copper and others)." (See id.) Plaintiff further alleges that, in connection with the above-referenced lawsuit against the City and/or other litigation, Superior Court Judge Luis A. Lavin ("Judge Lavin") and Court of Appeal Justice Roger W. Boren ("Justice Boren") erroneously found plaintiff to be a vexatious litigant (see Compl. ¶¶ 8, 9, 14), and, that, in light of the vexatious litigant orders and in order to "assist[ ] the 'wrongdoers' (i.e. Ms. Cooper and others)," the State Bar of California ("State Bar") instituted disciplinary proceedings against plaintiff (see Compl. ¶ 6).

Based on the above allegations, plaintiff asserts two causes of action, specifically, the First Cause of Action, alleging violations of 42 U.S.C. § 1983, and the Second Cause of Action, alleging violations of 42 U.S.C. § 1985. In the First Cause of Action, plaintiff alleges that in response to his having acted as a "whistleblower" regarding the "City's refusal to unblock public streets and/or the government's refusal to comply with their own rules" (see Compl. ¶¶ 6, 34), "defendants, and each of them, have retaliated against and/or blackballed [p]laintiff by issuing order(s) and/or opinion(s) and/or initiating administrative procedures at the State Bar . . . against [p]laintiff, all without requiring the removal of the 'public nuisance per se' caused by fence(s) obstructing part of the public street." (See Compl. ¶ 35.) In the Second Cause of Action, plaintiff alleges "the conduct of defendants" is "part of a conspiracy." (See Compl. ¶ 45.)[1]

---

[1] By prior orders, the Court has dismissed, without leave to amend, plaintiff's claims against Judge Lavin, Justice Boren, and the State Bar, leaving the City as the sole remaining defendant.

**DISCUSSION**

The City seeks dismissal on the basis of a single ground, the "Rooker-Feldman doctrine." (See Def.'s Mot. at 4 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).)

The holdings in Rooker and Feldman are based on 28 U.S.C. § 1257, which statute "vests authority to review a state court's judgment solely in [the Supreme] Court." See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005). In both Rooker and in Feldman, "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment," see id. at 291, and the Supreme Court held the district court, in light of § 1257, lacked jurisdiction to consider those suits, see id. at 291-92. The Rooker-Feldman doctrine thus deprives district courts of jurisdiction over claims by which the federal plaintiff seeks "to set aside a state court judgment" and "alleges a legal error by the state court as the basis for that relief." See Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013) (internal quotation and citation omitted).

Here, as the City points out in its motion, plaintiff, prior to filing the instant action, filed two state court lawsuits against the City, which litigation is summarized in an appellate decision in which plaintiff was found to be a vexatious litigant. In said decision, In re Kinney, 201 Cal. App. 4th 951 (2012), the California Court of Appeal described the two actions as follows:

> The K's [Kinney and Kimberly Kempton] filed two lawsuits against the City of Los Angeles relating to the Fernwood property. One is a 'fence' case, and one involves a curb on City property. The fence case recently went to trial: the K's lost, and a judgment was entered against them on October 11, 2011. On October 28, 2011, the K's appealed from the judgment in the fence case. The K's lost the curb case in the trial court. They took two appeals in the curb case and recently lost both of them in this Court.

See id. at 957.[2]

---

[2] At the time the state court lawsuits were filed, plaintiff and Kimberly Kempton, jointly referred to as "the K's" by the Court of Appeal, co-owned the above-referenced property. See id. at 953-57.

In its pending motion, the City asserts that the allegations supporting plaintiff's federal claims are "identical to the allegations in the two lawsuits that he unsuccessfully litigated in State Court to final judgments." (See Def.'s Mot. at 4:8-11.) Based on such understanding of the factual basis for plaintiff's federal claims, the City argues, "this lawsuit would be a further appellate review by the District Court of the Court of Appeals' rulings and the denial of review by the California Supreme Court." (See id. at 4:11-14.)

Plaintiff's complaint is not a model of clarity; indeed, as the Court noted in an order addressing plaintiff's claims against two other defendants, "the factual and legal basis for plaintiff's claim(s) against the City are not clear from the complaint." (See Order, filed August 21, 2013, at 2:27-28.) Assuming the City's understanding of plaintiff's complaint is correct, however, i.e., that plaintiff's federal claims are based on the same factual allegations he raised in support of the state law claims alleged in his prior lawsuits, the City's reliance on the Rooker-Feldman doctrine is, with the one exception discussed below, misplaced.

First, as noted, the Rooker-Feldman doctrine applies where a federal court is asked to review and set aside a state court judgment. Where, as here, "a federal plaintiff presents [an] independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party[,] . . . there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." See Exxon Mobil Corp., 544 U.S. at 293 (internal quotation and citation omitted). Put another way, "[p]reclusion, not Rooker-Feldman, applies when a federal plaintiff complains of an injury that was not caused by a state court, but which the state court has previously failed to rectify." See Henrichs v. Valley View Development, 474 F.3d 609, 614 (9th Cir. 2007) (internal quotation and citation omitted).[3]

---

[3] Because the instant motion does not rely on preclusion, the Court does not address herein the merits of any such affirmative defense. See Clark v. Bear Stearns & Co., 966 F.2d 1318, 1321 (9th Cir.1992) (holding "party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment" and, to meet that burden, "must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated") (internal quotation and citation

4

The one exception concerns plaintiff's claim for injunctive relief. (See Compl. ¶¶ 14, 42.) To the extent plaintiff is seeking, as against the City, an order enjoining enforcement of the decisions finding him to be a vexatious litigant, on the asserted ground that the state court judges who issued those orders lacked any basis upon which to issue them (see Compl. ¶ 14; see also Compl. at 18:17-18, 23-24 (prayer for judgment "against all defendants, and each of them")), this Court, under Rooker-Feldman, lacks jurisdiction to consider such claim, see Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296-97 (1970) (holding "lower federal courts possess no power whatever to sit in direct review of state court decisions"; vacating district court order enjoining enforcement of state court order).

Lastly, the Court has considered plaintiff's request, made in his opposition, that he be afforded leave to amend to allege "additional facts." (See Pl.'s Opp. at 8:26-28.) Although plaintiff has not expressly identified the additional facts he would allege with respect to the City, the Court finds it appropriate, given the early stage of the proceedings, to afford plaintiff leave to amend his remaining claims. See Fed. R. Civ. P. 15(c) (providing leave to amend "shall be freely given when justice so requires"); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (holding Rule 15's provisions must be "applied with extreme liberality") (internal quotations and citations omitted.)

In his First Amended Complaint, plaintiff is directed to set forth the factual basis for his claim that he was deprived of a federal right by the City. As presently alleged, the factual basis for said claim cannot be clearly discerned. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state claim for relief); see also Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978) (holding municipality may not be held liable under § 1983 "unless action pursuant to an official municipal policy of some nature caused a constitutional tort"). Similarly, plaintiff is directed to set forth the factual

---

omitted).

basis for his claim that the City conspired with others to deprive him of a federal right; again, the factual basis for said claim is unclear from the complaint.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (holding "[f]actual allegations must be enough to raise a right to relief above the speculative level"; further holding, to state a claim of conspiracy, plaintiff must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement").

## CONCLUSION

For the reasons stated above:

1. The City of Los Angeles' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

    a. To the extent the complaint seeks to enjoin enforcement of orders finding plaintiff to be a vexatious litigant, the complaint is DISMISSED without leave to amend.

    b. In all other respects, the motion to dismiss is DENIED.

2. Plaintiff's request for leave to amend is hereby GRANTED, and plaintiff shall file his First Amended Complaint no later than October 18, 2013. In any First Amended Complaint, plaintiffs may amend his § 1983 and § 1985 claims against the City; plaintiff may not, however, add new claims against the City or add new defendants without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

3. The Case Management Conference is hereby CONTINUED from November 15, 2013 to January 10, 2014, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than January 3, 2014.

**IT IS SO ORDERED.**

Dated: October 2, 2013

MAXINE M. CHESNEY
United States District Judge