United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    CHARLES KINNEY,                          No. C-13-1396 MMC

12              Plaintiff,                      **ORDER GRANTING DEFENDANTS'
                                                MOTION FOR CHANGE OF VENUE;**
13         v.                                   **VACATING HEARING**

14    STATE BAR OF CALIFORNIA, et al.,

15              Defendants.
      _____/
16

17         Before the Court is defendants City of Los Angeles' ("the City") Motion for Change of

18    Venue, filed January 23, 2014.[1]  Plaintiff Charles Kinney has filed opposition, to which the

19    City has replied.  Having read and considered the papers filed in support of and in

20    opposition to the motion, the Court deems the matter appropriate for determination on the

21    parties' respective written submissions, VACATES the hearing scheduled for March 7,

22    2014, and rules as follows.

23         In the operative complaint, the Second Amended Complaint, filed January 20, 2014

24    ("SAC"), plaintiff alleges he owns property in the City, that he has engaged in protected

25    speech regarding his opposition to his neighbors' having erected fences and planted trees

26    on public property near his home, specifically, his filing of lawsuits in the Los Angeles

27    _____

28         [1]The SAC also names as defendants sixteen current or former City employees.
      Plaintiff has not filed proof of service of the summons and operative complaint on any of
      those employees, and none has yet appeared herein.

1  Superior Court and otherwise complaining about his neighbors' conduct to City employees,

2  and that sixteen City employees thereafter retaliated against him; plaintiff alleges, for

3  example, that an employee "plac[ed] a large 'X' on the computer screen for [p]laintiff's

4  property in Los Angeles to warn other City employees that any permits by [p]laintiff are

5  subjected to closer scrutiny" (see SAC ¶ 7.e), and that City employees have otherwise

6  "denied rights and services" to plaintiff (see SAC ¶ 54).[2]

7       Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the

8  interest of justice, a district court may transfer any civil action to any other district or division

9  where it might have been brought."  See 28 U.S.C. § 1404(a).  The party seeking transfer

10  has the "burden of showing that [the other district is] the more appropriate forum for the

11  action."  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir.), cert. denied,

12  531 U.S. 928 (2000).

13       Here, for the reasons stated in the City's motion and reply, the Court finds the City

14  has shown the above-titled action should be transferred to the Central District of California,

15  for the convenience of the parties and witnesses, and in the interests of justice.  See 28

16  U.S.C. § 1404(a).  In particular:  (1) plaintiff's choice of forum is entitled to little deference,

17  given that the operative facts on which plaintiff's retaliation claim are based did not arise in

18  this District; (2) the operative facts pertaining to the retaliation claim arose in the Central

19  District, the district in which plaintiff engaged in the subject protected activity and in which

20  the City employees are alleged to have engaged in the subject retaliatory behavior; (3)

21  plaintiff owned a residence in the City at the time his claims arose, and continues to own

22  such residence, which residence and immediate neighboring areas are the focus of the

23  retaliation claim; (4) all of the sixteen recently named individual defendants reside in the

24  Central District, with the exception of one such defendant who is deceased; (5) all

25  witnesses identified by the parties as relevant to the retaliation claim reside in the Central

26  _____

27  [2]Although the SAC includes allegations pertaining to other claims, specifically, due
   process and equal protection violations by the City, claims against judges, and claims
28  against the State Bar of California ("State Bar"), all such claims previously were dismissed
   without leave to amend.

District;[3] (6) neither party has identified any relevant physical evidence located in this District,[4] and plaintiff has identified physical evidence located in the Central District (see, e.g., Pl.s' Opp. at 10 (photograph of computer located in City office)); and (7) plaintiff concedes his retaliation claim could have been filed in the Central District (see id. at 3:25-26).  See Jones, 211 F.3d at 498 (setting forth factors to be considered on motion to transfer for convenience, including plaintiffs' choice of forum, situs of operative facts from which plaintiffs' claims arise, and location of relevant witnesses and other sources of proof); Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) (holding where operative facts from which plaintiff's claim arise do not occur in chosen forum, plaintiff's choice not accorded usual degree of deference).

Accordingly, the City's motion for a change of venue will be granted.

**CONCLUSION**

For the reasons stated above, the City's motion is hereby GRANTED, and the above-titled action is hereby TRANSFERRED to the Central District of California.

**IT IS SO ORDERED.**

Dated: February 28, 2014

_____
MAXINE M. CHESNEY
United States District Judge

---

[3]Additionally, plaintiff has identified as potential witnesses employees of the State Bar and some of his clients, none of whom has been shown by plaintiff as likely to offer any testimony of consequence.  First, according to plaintiff, a City employee sent emails to a State Bar office located in this District; because the fact that the emails were sent is unlikely to be in dispute, testimony by State Bar employees that the State Bar received the emails is of little consequence.  Second, according to plaintiff, some of his clients live in this District and some of his clients live in the Eastern District of California; plaintiff has not explained, however, why the testimony of any such client would be relevant.

[4]Although plaintiff does observe that State Bar records are located in this District, plaintiff fails to state why such records are relevant to his claims against the City and City employees, and, as noted above, plaintiff's claims against the State Bar have been dismissed without leave to amend.